UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> BENJAMIN JEAN RUIZ, <br><br> Defendant. | Case No. 24-cv-07241-PCP <br><br> **ORDER DENYING MOTION FOR DEFAULT JUDGMENT** <br><br> Re: Dkt. No. 29 |

Plaintiff Innovative Sports Management, Inc. owns the domestic commercial exhibition rights to broadcast certain soccer games nationwide. Innovative sued defendant Benjamin Jean Ruiz for displaying one of these soccer matches inside his restaurant without a license. Ruiz has failed to respond to any of Innovative's allegations, and Innovative now moves for default judgment. For the following reasons, the Court denies Innovative's motion.

## BACKGROUND

For the purposes of default judgment, the factual allegations in a complaint are accepted as true except for those related to damages. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Innovative purchased exclusive commercial exhibition rights to license certain soccer matches to business establishments, like bars and restaurants, across the United States. Innovative owns the licensing rights to the October 17, 2023 soccer match between Ecuador and Colombia. On that date, an agent of Innovative visited a restaurant located in Campbell, California known as Lo Que Pueda Rodizio or Pub Colombian Cuisine. The agent observed Lo Que Pueda displaying the match on their televisions for its patrons to view. Lo Que Pueda did not purchase a license from Innovative to exhibit the match. On its California liquor license, Lo Que Pueda lists

1  defendant Benjamin Jean Ruiz and a business address on Winchester Boulevard in Campbell.

2  Innovative filed this suit against Ruiz on October 17, 2024, seeking damages under either 47 U.S.C. § 553 or § 605; damages for conversion under California state law; and restitution under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. Though the summons issued to Ruiz listed Lo Que Pueda's Winchester Boulevard address, Innovative did not attempt to serve process upon Ruiz at that address. Instead, in late February 2025, Innovative attempted to serve process upon Ruiz four times at a different restaurant: Mimosas Café, located on Pearl Avenue in San José, California. Mimosas Café also lists a person by the name of Benjamin Jean Ruiz on its California liquor license.

To date, Ruiz has not responded to Innovative's complaint nor made any appearance in federal court in relation to this lawsuit. On April 11, 2025, the Clerk of the Court entered default against Ruiz. On May 30, 2025, Innovative moved for default judgment, seeking damages for only its § 553 and conversion claims. The Court held a hearing on the motion on August 7, 2025, at which Ruiz did not appear. Because Innovative had not served process upon Ruiz at the Winchester Boulevard address listed on the summons and had offered no evidence that the Benjamin Jean Ruiz whom it attempted to serve at Mimosas Café on Pearl Avenue was the same person named in this lawsuit, the Court deferred ruling on Innovative's motion for default judgment. The Court instructed Innovative to file a supplementary declaration or affidavit to demonstrate that Innovative had properly served process upon the Benjamin Jean Ruiz who operated Lo Que Pueda. Innovative filed a supplementary declaration in support of its motion for default judgment on September 5, 2025.

**LEGAL STANDARDS**

After entry of default, a party is generally entitled to apply to the Court for default judgment when a party has failed to plead or defend. Fed. R. Civ. P. 55(b)(2). Where a plaintiff seeks default against a non-appearing defendant, a court must first examine whether it has jurisdiction to enter judgment and whether service of process was proper. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999); *Innovative Sports Management, Inc. v. Nunez*, No. 22-cv-07136-JSC, 2023 WL 4551069, at *2 (N.D. Cal. July 13, 2023). If so, the court may exercise its discretion in

deciding whether to enter default judgment based on the factors in *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

## ANALYSIS

While the Court has jurisdiction to enter default judgment, it declines to do so because it finds that Innovative has not shown that it properly served process upon defendant Ruiz. The Court therefore need not consider the *Eitel* factors.

### I.     Jurisdiction

The Court has original subject matter jurisdiction over this lawsuit because Innovative's claims arise under two federal statutes. 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Innovative's state-law claims because they arise from the same facts that give rise to the Court's original jurisdiction. 28 U.S.C. § 1367. The Court also has personal jurisdiction over defendant Ruiz to the extent he was the primary owner and operator of Lo Que Pueda, the California-based establishment at which the display of the match allegedly occurred.

### II.    Service of Process

Innovative has not established that it properly served defendant Ruiz. As noted above, Innovative did not serve Ruiz at Lo Que Pueda's Winchester Boulevard address, which was listed on the summons. Instead, Innovative attempted service at Mimosas Café, a different restaurant with no apparent connection to Lo Que Pueda. And even at Mimosas Café, Innovative was unable to personally serve any individual named Benjamin Jean Ruiz. After visiting the restaurant three times and being told that "Benjamin" or "Ben" was not available, Innovative served process upon a substitute: an unnamed waitress who was "apparently in charge" of Mimosas Café. Innovative then mailed a copy of the documents to "Benjamin Jean Ruiz" at Mimosas Café.

Federal Rule 4(e)(1) allows a plaintiff to serve process on a defendant by "following [the] … law for serving a summons" of the state in which the federal court sits. California authorizes substitute service when the "summons and complaint cannot with reasonable diligence be personally delivered to the person to be served[.]" Cal. Code Civ. P. § 415.20. Courts in California "permit service to be completed upon a good faith attempt at physical service on a … person

3

1    whose relationship with the person to be served makes it more likely than not that they will deliver

2    process to the named party." *Hearn v. Howard*, 177 Cal. App. 4th 1193, 1202–03 (2009) (citation

3    modified). To satisfy substituted service, a plaintiff must also send the defendant a copy of the

4    documents via first-class mail at the same place where the defendant left the documents. Cal.

5    Code. Civ. P. § 415.20(b).

6        Innovative has not demonstrated that the waitress it served at Mimosas Café will "more

7    likely than not … deliver process" to the Benjamin Jean Ruiz named in this action.

8        First, it is unclear whether *any* Benjamin Jean Ruiz owned or worked at Mimosas Café at

9    the time of service. Innovative argues that the liquor license for Mimosas Café listed a person

10   named Benjamin Jean Ruiz. But in a separate action filed by Innovative in this Court, the owners

11   of Mimosas Café attested that even though Benjamin Jean Ruiz "still appeared on the alcohol

12   license," he had no ownership interest in Mimosas Café as of September 2023—which was one

13   month before the events underlying this action and more than five months before Innovative

14   attempted to serve process upon him at Mimosas Café. *See* Declaration of Tibisay Sanchez at 2,

15   *Innovative Sports Mgmt., Inc. v. Ruiz*, No. 24-cv-02669 (N.D. Cal. May 3, 2024), Dkt. No. 59;

16   Declaration of Carlos Andres Garcia at 2, *Innovative Sports Mgmt., Inc. v. Ruiz*, No. 24-cv-02669

17   (N.D. Cal. May 3, 2024), Dkt. No. 60. And while various employees of Mimosas Café reportedly

18   told Innovative's process server in February 2025 that "Benjamin is not available" or "Ben is not

19   in right now," there is no indication that the employees referred to a person with the middle and

20   surnames "Jean Ruiz," as opposed to a different Benjamin. And even if the employees were

21   referring to the defendant here, there responses do not establish that he visited the establishment

22   with enough frequency for it to serve as a location for substitute service.

23       Second, even assuming that some person named Benjamin Jean Ruiz owned or worked at

24   Mimosas Café at the time of service, Innovative has offered only limited evidence that such person

25   was the *same* Benjamin Jean Ruiz connected to Lo Que Pueda and named as a defendant here. In

26   its supplementary declaration, Innovative states that it was unable to identify any liquor license for

27   Mimosas Café that refers to Lo Que Pueda or its Winchester Boulevard address. Nor could

28   Innovative identify any liquor or business license for Lo Que Pueda that refers to Mimosas Café or

4

the Pearl Avenue address at which Innovative attempted to service. The declaration further states that Innovative hired a licensed private investigator to find evidence of the connection between the Benjamin Jean Ruiz associated with Lo Que Pueda and the Benjamin Jean Ruiz associated with Mimosas Café. Yet the investigator's report, attached to Innovative's declaration, contains no information connecting the two.[1]

The only evidence offered in Innovative's declaration to connect the Benjamin Jean Ruiz who once owned Lo Que Pueda to the Benjamin Jean Ruiz associated with Mimosas Café is a report from a public-records database. That report lists two people named Benjamin Jean Ruiz in the United States, both of whom reside in Santa Clara County and share the same date of birth. Some, but not all, of the contact information listed for each Benjamin Jean Ruiz—including several email addresses, phone numbers, and street addresses—overlaps. Innovative thus argues that the two individuals must in fact be the same person who is connected to both Lo Que Pueda and Mimosas Café. The Court disagrees for two reasons.

First, the public-records report shows critical differences between the two people listed under the name Benjamin Jean Ruiz. Most importantly, each has a different social security number ("SSN"). Because "an individual's SSN serves as a unique identifier that cannot be changed," *Tschida v. Motl*, 924 F.3d 1297, 1304 (9th Cir. 2019) (quoting *In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999)), it is unlikely that the same person would have two different SSNs. Most of the street addresses and some of the phone numbers listed for each Benjamin Jean Ruiz also differ, and there is no overlap at all in the named relatives associated with each Benjamin Jean Ruiz. The report itself thus does not sufficiently connect the two entries for Benjamin Jean Ruiz. Innovative appears to recognize as much: Its engagement letter with the private investigator stated that "the public records report does not connect the dots between the two addresses to clearly establish that Benjamin Jean Ruiz was the operator of the establishments at both addresses."

---

[1] Indeed, the investigator's report casts doubt on whether *any* Benjamin Jean Ruiz was involved in the unlawful exhibition of the match at Lo Que Pueda. According to the investigator, the current owner of Lo Que Pueda stated on August 24, 2025 that he purchased the restaurant from a Benjamin Jean Ruiz "approximately 2 years" ago—that is, Ruiz apparently sold Lo Que Pueda around August 2023, *before* the exhibition of the match on October 17, 2023.

5

Second, even were the public-records report to show only one person named Benjamin Jean Ruiz, there is good reason to doubt the report's completeness. The report contains an express disclaimer stating that its data sources "have errors" and are "generally not free from defect," so the "system should not be relied upon as definitively accurate" and "should be independently verified." Innovative has not provided any independent verification for the report's entries on Benjamin Jean Ruiz, so by the report's own terms, the Court should not rely upon its accuracy.

Given the lack of evidence (1) that a person named Benjamin Jean Ruiz was associated with Mimosas Café at the time of service, and (2) that any such person is the same Benjamin Jean Ruiz connected to Lo Que Pueda, the Court cannot conclude that the waitress whom Innovative served at Mimosas Café was "more likely than not" to deliver those documents to the defendant named in this case. *Hearn*, 177 Cal. App. 4th at 1203. Innovative therefore has not demonstrated adequate service of process. Because Innovative has not established the adequacy of its service of process, the Court need not consider the *Eitel* factors to conclude that entry of default judgment would be improper. Were the Court to reach those factors, however, it would exercise its discretion to deny Innovative's motion for default judgment because Innovative's inadequate service of process creates a significant risk that defendant Ruiz's default "was due to excusable neglect." *Eitel*, 782 F.2d at 1472.

## CONCLUSION

For the foregoing reasons, Innovative's motion for default judgment is DENIED.

**IT IS SO ORDERED.**

Dated: October 7, 2025

P. Casey Pitts
United States District Judge